UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW FORREY HOLGERSON, CDCR #E-19753,<br><br>Plaintiff,<br><br>vs.<br><br>MR. D. PARAMO;<br>MISS MESSLER, M.D.,<br><br>Defendants. | Case No.: 3:19-cv-02286-JLS-RBB<br><br>**ORDER: (1) DENYING MOTION TO PROCEED IN FORMA PAUPERIS AS BARRED BY 28 U.S.C. § 1915(g); (2) DENYING MOTIONS TO ALLOW AMENDING OF COMPLAINT AND TO REINSTATE IN FORMA PAUPERIS; AND (3) DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILURE TO PAY FILING FEE REQUIRED BY 28 U.S.C. § 1914(a)**<br><br>(ECF Nos. 2, 4, 6) |

Plaintiff Matthew Forrey Holgerson, currently incarcerated at the California Health Care Facility ("CHCF") located in Stockton, California, has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. (*See* Compl., ECF No. 1.) Plaintiff claims his constitutional rights were violated when he was previously housed at the Richard J. Donovan Correctional Facility ("RJD") in 2017 and 2018. (*Id.* at 1.) He has not prepaid the full civil filing fee required by 28 U.S.C. § 1914(a); instead, he has filed a Motion to Proceed *In Forma Pauperis* ("IFP") (ECF No. 2).

1

Before the Court could rule on Plaintiff's Motion to Proceed IFP, he filed a Motion to Allow Amending of Original Complaint and a Motion to Reinstate In Forma Pauperis. (ECF Nos. 4, 6.)

## I. Motion to Proceed IFP

### A. Legal Standard

"All persons, not just prisoners, may seek IFP status." *Moore v. Maricopa Cty. Sheriff's Office*, 657 F.3d 890, 892 (9th Cir. 2011). Prisoners like Plaintiff, however, "face an additional hurdle." *Id.* In addition to requiring prisoners to "pay the full amount of a filing fee," in "monthly installments" or "increments" as provided by 28 U.S.C. § 1915(a)(3)(b), the Prison Litigation Reform Act ("PLRA") amended section 1915 to preclude the privilege to proceed IFP in cases where the prisoner:

> [H]as, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). "This subdivision is commonly known as the 'three strikes' provision." *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005). "Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed IFP." *Id.*; *see also Andrews v. Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007) (hereafter "*Cervantes*") (under the PLRA, "[p]risoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three strikes rule"). The objective of the PLRA is to further "the congressional goal of reducing frivolous prisoner litigation in federal court." *Tierney v. Kupers*, 128 F.3d 1310, 1312 (9th Cir. 1997).

"Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed on the ground that they were frivolous, malicious, or failed to state a claim," *Andrews*, 398 F.3d at 1116 n.1 (internal quotations omitted), "even if the district court styles such dismissal as a denial of the prisoner's application to file the action without

prepayment of the full filing fee." *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008). When courts "review a dismissal to determine whether it counts as a strike, the style of the dismissal or the procedural posture is immaterial. Instead, the central question is whether the dismissal 'rang the PLRA bells of frivolous, malicious, or failure to state a claim.'" *El-Shaddai v. Zamora*, 833 F.3d 1036, 1042 (9th Cir. 2016) (quoting *Blakely v. Wards*, 738 F.3d 607, 615 (4th Cir. 2013)). "When … presented with multiple claims within a single action," however, courts may "assess a PLRA strike only when the case as a whole is dismissed for a qualifying reason under the Act." *Hoffman v. Pulido*, 928 F.3d. 1147, 1152 (9th Cir. 2019) (citing *Washington v. L.A. Cty. Sheriff's Dep't*, 833 F.3d 1048, 1057 (9th Cir. 2016)).

Once a prisoner has accumulated three strikes, section 1915(g) prohibits his pursuit of any subsequent IFP civil action or appeal in federal court unless he faces "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g); *Cervantes*, 493 F.3d at 1051–52 (noting § 1915(g)'s exception for IFP complaints which "make[] a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing.").

### B. Discussion

The Court has reviewed Plaintiff's Complaint and finds it contains no "plausible allegations" to suggest he "faced 'imminent danger of serious physical injury' at the time of filing." *Cervantes*, 493 F.3d at 1055 (quoting 28 U.S.C. § 1915(g)). In his "Motion to Reinstate *In Forma Pauperis* Status," Plaintiff appears to be challenging a ruling in an Eastern District of California proceeding in which he was denied IFP status pursuant to 28 U.S.C. § 1915(g). (*See* ECF No. 6 at 1–2.) In the Eastern District matter, the Court found that several of Plaintiff's previous actions constituted "strikes" because they had been dismissed as frivolous. (*Id.* at 2–3.)

Plaintiff denies that these matters were frivolous and claims that he was trying to explain "mind control systems" that were developed by "alien species technology" and

///

3

3:19-cv-02286-JLS-RBB

used on "American citizens." (*Id.* at 3.) This Court cannot overturn or modify the decision of another District Court.

Moreover, Plaintiff's allegations regarding "mind control systems" found in the matters which were determined to be "strikes" are frivolous. "[A] complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact. . . . [The] term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). When determining whether a complaint is frivolous, the court need not accept the allegations as true, but must "pierce the veil of the complaint's factual allegations," *id.* at 327, to determine whether they are "'fanciful,' 'fantastic,' [or] 'delusional,'" *Denton v. Hernandez,* 504 U.S. 25, 33 (1992) (quoting *Neitzke*, 490 U.S. at 328).

In the matter before this Court, Plaintiff appears to claim that he suffered from back pain when he was housed at RJD in 2017. (*See* Compl. at 4.) He seeks to hold an RJD physician liable for failing to be "aware of [his] laying in [his] cell for four days without appropriate medical attention or pain relief." (*Id.* at 2.) At the time Plaintiff filed this action on November 29, 2019, however, he was housed at CHCF, not RJD. Thus, there are simply no plausible of allegations of "imminent danger of serious physical injury at the time of filing." *Cervantes*, 493 F.3d at 1055.

While Defendants typically carry the initial burden to produce evidence demonstrating a prisoner is not entitled to proceed IFP, *Andrews*, 398 F.3d at 1119, "in some instances, the district court docket may be sufficient to show that a prior dismissal satisfies at least one on the criteria under § 1915(g) and therefore counts as a strike." *Id.* at 1120. That is the case here.

A court may take judicial notice of its own records, *see Molus v. Swan*, Case No. 3:05-cv-00452-MMA-WMc, 2009 WL 160937, *2 (S.D. Cal. Jan. 22, 2009) (citing *United States v. Author Services*, 804 F.2d 1520, 1523 (9th Cir. 1986)); *Gerritsen v. Warner Bros. Entm't Inc.*, 112 F. Supp. 3d 1011, 1034 (C.D. Cal. 2015), and "'may take notice of

proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)).

Based on a review of its own docket and other court proceedings available on PACER, the Court finds that Plaintiff Matthew Holgerson, identified as CDCR Inmate #E-19753, while incarcerated, has had three prior civil actions dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted.

They are:

(1) *Holgerson v. Knowles, et al.*, Case No. 2:02-cv-00036-GEB-GGH (E.D. Cal. Nov. 27, 2002) (Order adopting report and recommendation dismissing action as frivolous and for failing to state a claim) (strike one);

(2) *Holgerson v. Knowles*, Case No. 2:06-00144-GEB-CMK (E.D. Cal. Dec. 12, 2006) (Order adopting report and recommendation dismissing action for failing to state a claim) (strike two); and

(3) *Holgerson v. Lizarraga, et al.*, Case No. 2:14-cv-01767-EFB (E.D. Cal. Apr. 28, 2015) (Order granting IFP and dismissing action as frivolous pursuant to 28 U.S.C. § 1915A) (strike three).

Accordingly, because Plaintiff has, while incarcerated, accumulated at least three "strikes" as defined by § 1915(g), and he fails to make a "plausible allegation" that he faced imminent danger of serious physical injury at the time he filed his Complaint, he is not entitled to the privilege of proceeding IFP in this action. *See Cervantes*, 493 F.3d at 1055; *Rodriguez*, 169 F.3d at 1180 (finding that 28 U.S.C. § 1915(g) "does not prevent all prisoners from accessing the courts; it only precludes prisoners with a history of abusing the legal system from continuing to abuse it while enjoying IFP status"); *see also Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) ("[C]ourt permission to proceed IFP is itself a matter of privilege and not right.").

///

///

## II. Conclusion and Orders

For the reasons set forth above, the Court:

(1) **DENIES** Plaintiff's Motion to Proceed IFP (ECF No. 2) as barred by 28 U.S.C. § 1915(g); (2) **DISMISSES** this civil action sua sponte without prejudice for failing to prepay the $400 civil and administrative filing fees required by 28 U.S.C. § 1914(a); (3) **DENIES** Plaintiff's Motion to Allow Amending of Original Complaint (ECF No. 4); (4) **DENIES** Plaintiff's Motion to Reinstate In Forma Pauperis (ECF No. 6); (4) **CERTIFIES** that an IFP appeal from this Order would be frivolous pursuant to 28 U.S.C. § 1915(a)(3); and (5) **DIRECTS** the Clerk of the Court to close the file.

**IT IS SO ORDERED**.

Dated: January 28, 2020

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge