UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW FORREY HOLGERSON, CDCR #E-19753,<br><br>                                  Plaintiff,<br><br>v.<br><br>D. PARAMO, Warden;<br>MISS MESSLER, M.D.,<br><br>                                  Defendants. | Case No.: 3:19-CV-2286 JLS (RBB)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**<br><br>(ECF No. 13) |

**I.    Procedural History**

On November 29, 2019, Plaintiff Matthew Holgerson, a state inmate currently incarcerated at the California Health Care Facility ("CHCF") located in Stockton, California, filed a civil rights Complaint ("Compl.") pursuant to 42 U.S.C. § 1983. (ECF No. 1.)  In addition, Plaintiff filed a Motion to Proceed *In Forma Pauperis* ("IFP") (ECF No. 2).

///

On January 28, 2020, this Court denied Plaintiff's Motion to Proceed IFP as barred by 28 U.S.C. § 1915(g) and dismissed the entire action for failing to pay the full statutory and administrative $400 civil filing fee required by 28 U.S.C. § 1914(a). (ECF No. 7.) The Court also certified that an IFP appeal from the Court's Order would be frivolous and, therefore, would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3). *Id.*

On May 12, 2020, Plaintiff filed a Motion for Reconsideration of the Court's January 28, 2020 Order. (ECF No. 13.)

## II. Plaintiff's Motion

### A. *Legal Standard*

Under Rule 60, a motion for "relief from a final judgment, order or proceeding" may be filed within a "reasonable time," but usually must be filed "no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c). Reconsideration under Rule 60 may be granted in the case of: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence; or (3) fraud; or if (4) the judgment is void; (5) the judgment has been satisfied; or (6) for any other reason justifying relief. Fed. R. Civ. P. 60(b).

### B. *28 U.S.C. 1915*

Section 1915 of Title 28 of the United States Code allows certain litigants to pursue civil litigation IFP, that is, without the full prepayment of fees or costs. 28 U.S.C. § 1915(a)(2). However, the Prison Litigation Reform Act ("PLRA") amended section 1915 to preclude the privilege to proceed IFP:

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). "This subdivision is commonly known as the 'three strikes' provision." *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005) (hereafter

"*Andrews*"). "Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed IFP." *Id.*; *see also Andrews v. Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007) (hereafter "*Cervantes*") (under the PLRA, "[p]risoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three strikes rule[.]"). The objective of the PLRA is to further "the congressional goal of reducing frivolous prisoner litigation in federal court." *Tierney v. Kupers*, 128 F.3d 1310, 1312 (9th Cir. 1997).

"Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed on the ground that they were frivolous, malicious, or failed to state a claim," *Andrews*, 398 F.3d at 1116 n.1 (internal quotations omitted), "even if the district court styles such dismissal as a denial of the prisoner's application to file the action without prepayment of the full filing fee." *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008). As stated above, the Court found in the January 28, 2020 Order that Plaintiff is barred from proceeding IFP pursuant to 28 U.S.C. § 1915(g) because he had accumulated three "strikes" and he failed to allege any plausible facts demonstrating that he was in imminent danger of serious physical injury. *See* Jan. 28, 2020 Order at 5.

### 1.   *Imminent Danger Exception*

Plaintiff argues in his Motion that he is entitled to the "imminent danger of serious physical injury" exception found in the § 1915(g) statute. Mot. at 1. Once a prisoner has accumulated three strikes, section 1915(g) prohibits his pursuit of any subsequent IFP civil action or appeal in federal court unless he faces "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g); *Cervantes*, 493 F.3d at 1051–52 (noting § 1915(g)'s exception for IFP complaints which "make[] a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing").

First, Plaintiff argues that he is entitled to this exception because he "suffered physical injury on January 17, 2017 by being kicked in the left lower ribs" by a correctional officer at the Richard J. Donovan Correctional Facility ("RJD"). Mot. at 1. However, Plaintiff was not housed at RJD at the time he filed this action. *See* Compl. at 1. Moreover, the alleged injury occurred nearly three years prior to bringing this action. Therefore,

Plaintiff has failed to show that he faced "imminent danger of serious physical injury" at the time he filed this action on November 29, 2019 while housed at the CHCF. *Cervantes*, 493 F.3d at 1051–52.

Second, Plaintiff argues that he is entitled to the imminent danger exception of § 1915(g) because he was "implanted" with a "mind control adaption implant that was derived from alien technology from the 1930s" when he was housed in the "Los Angeles County State Prison infirmary" in 2000. Mot. at 2. A pleading is "factual[ly] frivolous[]" under § 1915 if "the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 25–26 (1992). Here, the Court finds that Plaintiff's claims are simply not plausible and does not warrant a finding that he is in imminent danger of physical injury based on these allegations.

        2.    *Strikes*

Plaintiff also argues that the Court erred in finding one of the cases he previously filed a "strike." *See* Mot. at 6. In the January 28, 2020 Order, the Court found that *Holgerson v. Knowles, et al.*, Civil Case No. 2:02-cv-00036-GEB-GGH (E.D. Cal. Nov. 27, 2002) (hereinafter "*Knowles*") constituted a "strike" for § 1915(g) purposes because it had been dismissed for failing to state a claim and as frivolous. *See* Jan. 28, 2020 Order at 5. Plaintiff maintains this is incorrect because this action was actually dismissed with leave to amend. *See* Mot. at 6. This is partially correct.[1]

Plaintiff initially filed this action in the Eastern District of California on January 7, 2002. *See Knowles*, ECF No. 1. On April 18, 2002, United States Magistrate Judge

---

[1] A court may take judicial notice of its own records, *see Molus v. Swan*, Civil Case No. 3:05-cv-00452-MMA-WMc, 2009 WL 160937, *2 (S.D. Cal. Jan. 22, 2009) (citing *United States v. Author Services*, 804 F.2d 1520, 1523 (9th Cir. 1986)); *Gerritsen v. Warner Bros. Entm't Inc.*, 112 F. Supp. 3d 1011, 1034 (C.D. Cal. 2015), and "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)).

Gregory Hollows found Plaintiff's complaint was "legally frivolous" and did, in fact, dismiss his complaint with leave to amend. *Id.*, ECF No. 2.  However, Plaintiff then filed a first amended complaint. *Id.*, ECF No. 4.  On November 27, 2002, United States District Judge Garland E. Burrell adopted the findings and recommendation of Magistrate Judge Hollow that Plaintiff's amended complaint be dismissed as frivolous and for failing to state a claim. *Id.*, ECF No. 10.  Plaintiff was denied leave to amend as futile and judgment was entered. *Id.* ECF Nos. 10, 11.  This constitutes a clear "strike" for § 1915(g) purposes.

A motion for reconsideration cannot be granted merely because Plaintiff is unhappy with the judgment, frustrated by the Court's application of the facts to binding precedent, or because he disagrees with the ultimate decision. *See* 11 Charles Alan Wright & Arthur R. Miller Federal Practice & Procedure § 2810.1 (3d ed.) ("[R]econsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly.").

Plaintiff has failed to provide any verifiable factual or evidentiary support for any basis under Rule 60(b) that would justify vacating the Court's January 28, 2020 Order.

### III. Conclusion and Order

For the reasons set forth above, the Court hereby:

1) **DENIES** Plaintiff's Motion for Reconsideration (ECF Doc. No. 13);

2) **CERTIFIES** that an IFP appeal from this Order would be frivolous and, therefore, would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3); and

3) **DIRECTS** the Clerk of Court to close the file.

**IT IS SO ORDERED**.

Dated:  June 2, 2020

Hon. Janis L. Sammartino
United States District Judge